# In the United States Court of Federal Claims

No. 17-711C

(Filed Under Seal: June 27, 2017)

(Reissued for Publication: July 7, 2017)[1]

| | |
|---|---|
| ************************************* * <br> * <br> SONORAN TECHNOLOGY AND * <br> PROFESSIONAL SERVICES, LLC, * <br> * <br> Plaintiff, * <br> * <br> v. * <br> * <br> THE UNITED STATES, * <br> * <br> Defendant, * <br> * <br> and * <br> * <br> SPECTRE PURSUIT GROUP, LLC, * <br> * <br> Defendant-Intervenor. * <br> * <br> ************************************* * | Bid Protest; Supplementing the Administrative Record; Deposition of Contracting Officer and Small Business Association. |

*Brett W. Johnson*, with whom was *Sara J. Agne*, Snell & Wilmer, LLP, Phoenix, Arizona, for Plaintiff.

*Jessica L. Cole*, with whom were *Chad A. Readler*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Claudia Burke*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., and *Captain Ryan Payne*, Of Counsel, Commercial Litigation Field Support, U.S. Air Force, for Defendant.

---

[1] The Court issued this decision under seal on June 27, 2017 and invited the parties to submit proposed redactions of any competitive-sensitive, proprietary, confidential, or other protected information on or before July 5, 2017. By that date, none of the parties proposed redactions. The Court has made other minor edits in relation to Capt. Sidor's title. Thus, the Court reissues the opinion in its entirety for publication.

*J. Bradley Reaves*, with whom was *Beth V. McMahon*, ReavesColey, PLLC, Chesapeake, Virginia, for Defendant-Intervenor.

## ORDER REGARDING MOTION TO SUPPLEMENT THE RECORD

WHEELER, Judge.

In this bid protest, Sonoran Technology and Professional Services, LLC ("Sonoran") challenges the United States Air Force's decision to terminate its contract to train aircrew to fly B-52 and B-51 aircrafts and award the same contract to Spectre Pursuit Group, LLC ("SPG") as a result of corrective action. Sonoran now seeks to supplement the Administrative Record with depositions of Contracting Officer, Captain John R. Sidor, and Area Director for the United States Small Business Administration ("SBA"), Ms. Carol L. Thompson, due to an alleged deficiency in the Administrative Record as to the decision-making process of the Air Force and SBA. Since motions to supplement the administrative record should only rarely be granted when necessary to allow effective judicial review, Sonoran's motion is GRANTED IN PART and DENIED IN PART.

### Background

On February 29, 2016, the Air Force issued Request for Proposal FA6800-16-R-0001 seeking a service-disabled veteran-owned small business for courseware development and training for its aircrew flying B-52 and B-51 aircrafts. AR 489. The awardee was required to have facility security clearance ("FCL") at the time of the award. Id. at 558. Sonoran and SPG were two of nine offerors who submitted proposals. Id. at 2287-2944. At the time SPG submitted its proposal, it did not have the required FCL. Id. at 9255, 2315. On July 22, 2016, Capt. Sidor determined that SPG was unawardable because it had not received an FCL and promptly awarded the contract to Sonoran. Id. at 6391, 6653.

After first filing before the Government Accountability Office ("GAO"), which dismissed the protest, SPG filed a bid protest before this Court on November 28, 2016 challenging the Air Force's decision not to refer SPG to the SBA for a responsibility determination. Id. at 8728-85. Sonoran did not intervene in that protest. Id. On December 7, 2016, before any briefing was completed, Capt. Sidor took corrective action and referred the matter of SPG's responsibility to the SBA. Id. at 8762 ("While I do not necessarily agree that SPG's allegations have merit, I have decided to take corrective action in response to this protest."). There is no explanation in the record as to why Capt. Sidor decided to take corrective action. Based on this corrective action, this Court dismissed SPG protest on December 8, 2016. Id. at 8768.

On January 5, 2017, the SBA notified the Air Force and SPG that it could not make a responsibility determination because the contract had already been awarded to Sonoran. Id. at 8772. The next day, SPG filed a new bid protest before this Court challenging the SBA's failure to make a responsibility determination. Id. at 8773. On January 24, 2017, after SPG had secured an FCL, the SBA determined that SPG was responsible and issued a Certificate of Competency ("COC") despite Sonoran's contract still being in effect. Id. at 8824. There is no explanation of the SBA's decision to find SPG responsible. On February 2, 2017, Capt. Sidor terminated Sonoran's contract and made an award to SPG. Id. at 8827, 8829. Capt. Sidor explained to Sonoran that it was terminating the contract "[a]s a result of corrective action . . . in response to a protest filed by [SPG]." Id. at 8829. This Court dismissed SPG's second protest as moot the following day. Spectre Pursuit Group, LLC v. United States, No. 17-26C (Fed. Cl., Feb. 3, 2017) (Dkt. No. 18).

Sonoran filed this protest on May 30, 2017 and SPG intervened on May 31, 2017. Dkt. Nos. 1, 9. The Government filed the Administrative Record on June 9, 2017. Dkt. No. 13. Sonoran filed this motion to supplement the record on June 15, 2017 and requested an expedited briefing schedule. Dkt. Nos. 14, 15. Sonoran argues that it must depose Capt. Sidor to discover why he took corrective action to refer SPG to the SBA and ultimately awarded the contract to SPG. Pl.'s Mot. at 7. Sonoran also seeks to depose Ms. Thompson to discover the SBA's decision-making process in first declining to make a COC determination and then later issuing SPG a COC. Id. at 9. In order to avoid delaying the resolution of the protest, the Court granted Sonoran's request for expedited briefing. Dkt. No. 16. The Government and SPG filed their oppositions to Sonoran's motion on June 22, 2017, and Sonoran replied on June 26, 2017.

Standard of Review

Under 28 U.S.C. § 1491(b)(4), the standards set forth in the Administrative Procedure Act govern this Court's review of a protest involving an agency's procurement action. Pursuant to those standards, this Court may set aside an agency's decision or action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). In its review of the agency's action or decision, the Court examines the Administrative Record of the procurement process to establish whether that record supports the action or decision. Holloway & Co., PLLC v. United States, 87 Fed. Cl. 381, 389 (2009). The Court can guard against converting the arbitrary and capricious standard to a *de novo* review by limiting its review to the record as it existed before the agency.

As the review of an agency's procurement decision should be limited to "the administrative record already in existence, not some new record made initially in the reviewing court," AshBritt, Inc. v. United States, 87 Fed. Cl. 344, 366, (2009) (quoting Axiom Res. Mgmt., Inc. v. United States, 564 F.3d 1374, 1380 (2009)), the parties' ability to supplement the Administrative Record is limited. Murakami v. United States, 46 Fed.

3

Cl. 731, 735 (2000). However, although the Federal Circuit's holding in Axiom makes clear that supplementation of the Administrative Record should occur rarely, it is not prohibited and may be used when it is necessary for the Court to gain a complete understanding of the issues before it. Axiom Res. Mgmt., 564 F.3d at 1380. "In general, the Court will supplement the Administrative Record when it is necessary for a full and complete understanding of the issues." Am. Ordnance LLC v. United States, 82 Fed. Cl. 199, 200 (2008). Thus, supplementation of the record is appropriate where the "omission of extra-record evidence precludes effective judicial review." AshBritt, 87 Fed. Cl. at 366. Further, "[a] court may order depositions to supplement the administrative record when 'the record was inadequate to explain a contracting officer's procurement decision" when serious challenges to the rationality of the procurement decision have been raised. Office Depot v. United States, 94 Fed. Cl. 294, 296 (2010) (citing Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1337 (Fed. Cir. 2001)).

Discussion

Sonoran presents a laundry list of purported deficiencies in the record:

> It is not clear from the AR why [Capt. Sidor] changed his responsiveness determination. It is not clear from the AR why the [CO] awarded a contract to an offeror that did not meet the minimum Solicitation qualifications. It is not adequately explained why the [CO] took so-called 'corrective action' that he claimed he did not agree with. It is not adequately explained why [SPG] was given so much additional time to secure its FCL, and knowing that [SPG] had not even applied for an FCL at the time of its proposal. It is not adequately explained why the [CO] failed to reaffirm its award to Sonoran after SBA initially declined to issue a COC for [SPG], nor is it explained why the [CO] re-submitted [SPG's] bid to SBA for a COC determination. Likewise, there is nothing in the AR to explain why SBA declined the initial COC request or why SBA ultimately issued the COC after the initial declination. It is also unclear why the SBA did not consider [SPG's] competency as of the date of submission of its bid, as the SBA does in the case of size protests.

Pl.'s Mot. at 8-9. Sonoran overstates the deficiencies of the Administrative Record. For example, the Source Selection Authority produced an addendum to the Source Selection Decision Document explaining why SPG was awarded the contract after corrective action. AR 8833-35 (explaining the history of SPG's protests and re-performing a "price performance tradeoff decision"). In addition, the lengthy record of SPG's protests before this Court, and subsequent agency action, contain answers to questions about how and

4

when SPG attained an FCL.  See e.g., Id. Tabs 34, 112-125.  Supplementing the Administrative Record is only appropriate when not doing so would preclude meaningful judicial review.  Axiom Res. Mgmt., 564 F.3d at 1380.  Allowing Sonoran to depose Capt. Sidor and Ms. Thompson regarding all these purported deficiencies is not necessary for meaningful judicial review.

However, the Court can identify at least two agency decisions that are not adequately explained in the Administrative Record.  First, Capt. Sidor offers no explanation for his decision to take corrective action on December 7, 2016 by referring the matter to the SBA.  AR 8762.  In fact, seemingly in contradiction to the decision to take corrective action, he states "I do not necessarily agree that SPG's allegations have merit . . . ."  Id.  Next, after receiving SPG's COC from the SBA, Capt. Sidor states that he "will need to document the rationale behind the determination that [SPG] was a responsible contractor" but the Administrative Record does not contain any such documentation.  Id. at 8826.  Due to the multiple corrective actions taken, and the unusual procedural history before the SBA, these deficiencies in the Administrative Record should be corrected if this Court is to review the Air Force's decision-making process.  Office Depot, 94 Fed. Cl. at 296.

In reviewing the Air Force's decision, this Court must determine whether "the contracting agency provided a coherent and reasonable explanation of its exercise of discretion."  Impresa, 238 F.3d at 1332-33.  See also USfalcon, Inc. v. United States, 92 Fed. Cl. 436, 461 (2010) (An agency must "articulate a satisfactory explanation" for its decision.).  These explanatory omissions hinder the Court's ability to review the Air Force's decision to take corrective action, both in SPG's first and second protest before this Court.  Thus, Sonoran's motion to supplement the record is GRANTED IN PART as to its request to depose Capt. Sidor.  Sonoran may depose Capt. Sidor for no more than four hours to correct the limited deficiencies in the Administrative Record.  Sonoran should not use this limited deposition as an unfettered opportunity to ask Capt. Sidor to elaborate upon explanations already provided in the Administrative Record.  Some Air Force decisions may not be explained to Sonoran's satisfaction, but that does not justify exposing Capt. Sidor to a full deposition.

Sonoran also seeks to depose Ms. Thompson in order to determine the SBA's reasoning throughout its evaluation of SPG's responsibility.  However, Sonoran never challenges the SBA's COC determination in its Complaint.  Counts I, II, and IV challenge the Air Force's award to SPG.  See Compl. ¶ ¶ 38, 46, 64.  Count III challenges the Air Force's evaluation of SPG's past performance.  See Compl. ¶ 58.  Count V challenges the Air Force's reliance on the SBA's COC determination as an improper "abdicat[ion of] its decision making authority" but does not bring into question the reasoning process of the SBA.  See Compl. ¶ ¶ 65-72.  Further discovery into the SBA's reasoning, however important to the Air Force's decisions, is irrelevant to the judicial review of issues presented in this case.  Thus, Sonoran's motion to supplement the record is DENIED IN PART and Sonoran may not depose Ms. Thompson or any other SBA official.

<u>Conclusion</u>

For the reasons explained above, Sonoran's motion to supplement the Administrative Record is GRANTED IN PART and DENIED IN PART. Sonoran may depose Capt. Sidor for only four hours, which is sufficient time to redress the narrow deficiencies in the Administrative Record.

IT IS SO ORDERED.

<u>s/ Thomas C. Wheeler</u>
THOMAS C. WHEELER
Judge