# In the United States Court of Federal Claims

No. 17-711C

(Filed Under Seal: July 7, 2017)

(Reissued for Publication: July 17, 2017)[1]

| | |
|---|---|
| ***************************************** * | |
|                                 * | |

*****************************************  *
                               *

SONORAN TECHNOLOGY AND     *
PROFESSIONAL SERVICES, LLC,    *
                               *

          Plaintiff,       *
                               *

v.                                *
                               *

THE UNITED STATES,          *   Bid Protest; Supplementing the
                               *   Administrative Record; Small
         Defendant,      *   Business Administration.
                               *

and                             *
                               *

SPECTRE PURSUIT GROUP, LLC,    *
                               *

         Defendant-Intervenor.  *
                               *

*****************************************  *

*Brett W. Johnson*, with whom was *Andrew Sniegowski*, Snell & Wilmer, LLP, Phoenix, Arizona, for Plaintiff.

*Jessica L. Cole*, with whom were *Chad A. Readler*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Claudia Burke*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., and *Captain Ryan Payne*, Of Counsel, Commercial Litigation Field Support, U.S. Air Force, for Defendant.

---

[1] The Court issued this decision under seal on July 7, 2017 and invited the parties to submit proposed redactions of any competitive-sensitive, proprietary, confidential, or other protected information on or before July 14, 2017. By that date, none of the parties proposed redactions. Thus, the Court reissues the opinion in its entirety for publication.

*J. Bradley Reaves*, with whom was *Beth V. McMahon*, ReavesColey, PLLC, Chesapeake, Virginia, for Defendant-Intervenor.

ORDER REGARDING SECOND MOTION TO SUPPLEMENT THE RECORD

WHEELER, Judge.

In this bid protest, Sonoran Technology and Professional Services, LLC ("Sonoran") challenges the United States Air Force's decision to terminate its contract to train aircrew to fly B-52 and B-51 aircrafts and award the same contract to Spectre Pursuit Group, LLC ("SPG") as a result of corrective action. Sonoran now seeks to supplement the Administrative Record, for the second time, with all documents currently in the Air Force's possession related to the United States Small Business Administration's ("SBA") decision to issued SPG a Certificate of Competency ("COC"). For the reasons described below, Sonoran's motion is GRANTED IN PART and DENIED IN PART.

Background

On February 29, 2016, the Air Force issued Request for Proposal FA6800-16-R-0001 seeking a service-disabled veteran-owned small business for courseware development and training for its aircrew flying B-52 and B-51 aircrafts. AR 489. The awardee was required to have a facility security clearance ("FCL") at the time of the award. Id. at 558. Sonoran and SPG were two of nine offerors who submitted proposals. Id. at 2287-2944. At the time SPG submitted its proposal, it did not have the required FCL. Id. at 9255, 2315. On July 22, 2016, the Contracting Officer, Captain John R. Sidor, determined that SPG was unawardable because it had not received an FCL and promptly awarded the contract to Sonoran. Id. at 6391, 6653.

After first filing before the Government Accountability Office ("GAO"), which dismissed the protest, SPG filed a bid protest before this Court on November 28, 2016 challenging the Air Force's decision not to refer SPG to the SBA for a responsibility determination. Id. at 8728-85. Sonoran did not intervene in that protest. Id. On December 7, 2016, before any briefing was completed, Capt. Sidor took corrective action and referred the matter of SPG's responsibility to the SBA. Id. at 8762. Based on this corrective action, this Court dismissed SPG's protest on December 8, 2016. Id. at 8768.

On January 5, 2017, the SBA notified the Air Force and SPG that it could not make a responsibility determination because the contract had already been awarded to Sonoran. Id. at 8772. The next day, SPG filed a new bid protest before this Court challenging the SBA's failure to make a responsibility determination. Id. at 8773. On January 24, 2017, after SPG had secured an FCL, the SBA determined that SPG was responsible and issued a Certificate of Competency ("COC") despite Sonoran's contract still being in effect. Id. at 8824. There is no explanation of the SBA's decision to find SPG responsible. On

2

February 2, 2017, Capt. Sidor terminated Sonoran's contract and made an award to SPG. Id. at 8827, 8829. Capt. Sidor explained to Sonoran that it was terminating the contract "[a]s a result of corrective action . . . in response to a protest filed by [SPG]." Id. at 8829. This Court dismissed SPG's second protest as moot the following day. Spectre Pursuit Group, LLC v. United States, No. 17-26C (Fed. Cl., Feb. 3, 2017) (Dkt. No. 18).

Sonoran filed this protest on May 30, 2017 and SPG intervened on May 31, 2017. Dkt. Nos. 1, 9. The Government filed the Administrative Record on June 9, 2017. Dkt. No. 13. On June 15, 2017, Sonoran filed a motion to supplement the Administrative Record with depositions from Capt. Sidor and a representative from the SBA. Dkt. No. 14. On June 27, 2017, the Court granted the motion in part and ordered a limited deposition of Capt. Sidor. Dkt. No. 23. The Court identified two notable deficiencies in the Administrative Record that warranted deposing Capt. Sidor. Id. at 5. First, there is no explanation of Capt. Sidor's decision to take corrective action on December 7, 2016 by referring the matter to the SBA. AR 8762. Second, after receiving SPG's COC from the SBA, Capt. Sidor requested documents from the SBA in order to "document the [SBA's] rationale behind the determination that [SPG] was a responsible contractor." Id. at 8826. However, the record contains no such documentation. The Court determined that a limited deposition of Capt. Sidor was appropriate to remedy these deficiencies. Dkt. No. 23, at 6. The Court also denied the motion in part by refusing to allow Sonoran to depose a representative of the SBA because Sonoran never challenges the SBA's COC determination in its complaint. Therefore, any discovery into the SBA's reasoning behind issuing the COC would be irrelevant to Sonoran's protest. Id. at 5.

While the June 15, 2017 motion to supplement the Administrative Record was being briefed, Sonoran was also seeking access to the SBA's records. On June 2, 2017, Sonoran submitted a Freedom of Information Act ("FOIA") request to the SBA for records pertaining to the SBA's issuance of a COC to SPG. Dkt. No. 22, Ex. A at ¶ 4. During a conversation with a FOIA official about the request, Sonoran learned that the SBA reconsidered SPG's COC due to a "one-time exception based on an agreement with the [Assistant United States Attorney]." Id. at ¶ 11. As of June 27, 2017, Sonoran has not yet received any documents associated with its FOIA request. The Government has received these same documents directly from the SBA but determined that they are irrelevant to Sonoran's protest and not appropriately part of the Administrative Record. Dkt. No. 26, Ex. 1 (email from Government counsel to Sonoran counsel). The Government denied Sonoran's request to view the documents. On June 22, 2017, at the parties' request, the Court held an informal, off-the-record, telephonic conference regarding these documents. At that time, consistent with the Court's June 27, 2017 Order on Sonoran's first motion to supplement the Administrative Record, the Court suggested that documents relating to the SBA's reasoning are irrelevant to this protest.

On June 27, 2017, Sonoran filed a second motion to supplement the Administrative Record seeking the inclusion of "all records currently in possession of [the Government]

that have not yet been disclosed related to the SBA's decision to grant [SPG's COC]." Dkt. No. 26, at 2.  On July 3, 2017, the Government responded opposing Sonoran's motion and further requesting that the Court allow Capt. Sidor to submit an affidavit in lieu of being deposed. Dkt. No. 30, at 2.  The Government also voluntarily amended the Administrative Record with correspondence between the SBA and Air Force regarding Capt. Sidor's request that the SBA provide the Air Force with its rationale for issuing SPG a COC.  AR 8826.  First, the Government included a January 30, 2017 email from the Director of the SBA to Mr. Mark Teskey, the Secretariat representative at the Air Force, declining Capt. Sidor's request as inappropriate.  Id. at 9706.  Second, the Government included a response email from Capt. Sidor, also dated January 30, 2017, rescinding his request for information from the SBA.  Id. at 9709.  The Government volunteered this information "in light of the Court's June 27, 2017 order authorizing discovery in this matter" while maintaining that it is irrelevant. Dkt. No. 30, at 2.  The parties completed briefing on Sonoran's second motion to supplement the Administrative Record on July 5, 2017.

## Standard of Review

Under 28 U.S.C. § 1491(b)(4), the standards set forth in the Administrative Procedure Act govern this Court's review of a protest involving an agency's procurement action.  Pursuant to those standards, this Court may set aside an agency's decision or action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2).  In its review of the agency's action or decision, the Court examines the Administrative Record of the procurement process to establish whether that record supports the action or decision.  Holloway & Co., PLLC v. United States, 87 Fed. Cl. 381, 389 (2009).  The Court can guard against converting the arbitrary and capricious standard to a de novo review by limiting its review to the record as it existed before the agency.

As the review of an agency's procurement decision should be limited to "the administrative record already in existence, not some new record made initially in the reviewing court," AshBritt, Inc. v. United States, 87 Fed. Cl. 344, 366, (2009) (quoting Axiom Res. Mgmt., Inc. v. United States, 564 F.3d 1374, 1380 (2009)), the parties' ability to supplement the Administrative Record is limited.  Murakami v. United States, 46 Fed. Cl. 731, 735 (2000).  However, although the Federal Circuit's holding in Axiom makes clear that supplementation of the Administrative Record should occur rarely, it is not prohibited and may be used when it is necessary for the Court to gain a complete understanding of the issues before it.  Axiom Res. Mgmt., 564 F.3d at 1380.  "In general, the Court will supplement the Administrative Record when it is necessary for a full and complete understanding of the issues."  Am. Ordnance LLC v. United States, 82 Fed. Cl. 199, 200 (2008).  Thus, supplementation of the record is appropriate where the "omission of extra-record evidence precludes effective judicial review."  AshBritt, 87 Fed. Cl. at 366.

<u>Discussion</u>

The Court reiterates that the reasoning underlying the SBA's issuance of a COC is irrelevant to this protest.  <u>See</u> Dkt. No. 23, at 5 ("Further discovery into the SBA's reasoning, however important to the Air Force's decisions, is irrelevant to the judicial review of issues presented in this case.").  However, this holding does not foreclose the possibility that the SBA's reasoning and communications with the Air Force can become indirectly relevant insofar as they relate to the Air Force's reasoning to take corrective action.  The Government voluntarily supplemented the Administrative Record with communications between the SBA and the Air Force which meaningfully altered the substance of the record in this case.  The issue before the Court is whether the Administrative Record, as it now stands, requires supplementation for the "full and complete understanding of the issues."  <u>Am. Ordnance LLC</u>, 82 Fed. Cl. at 200.  The Government intended this supplementation to further explain why Capt. Sidor did not document the SBA's rationale for issuing a COC, as Capt. Sidor said he intended to do in the record.  However, while the January 30, 2017 email exchange between the SBA and the Air Force explains why Capt. Sidor did not document the SBA's reasoning, it raises even more questions than it answers about the Air Force's decision to take corrective action.  Based upon this new Administrative Record before the Court, limited supplementation of SBA documents is appropriate.

Upon receiving Capt. Sidor's request for information, the Director of the SBA sent Mr. Teskey a strongly worded opposition stating in pertinent part:

> The letter [from Capt. Sidor] is surprising, given that you and I resolved this matter when we last spoke and *emailed*, prior to the COC being issued.  I fully complied and now the [Air Force] appears to be *reneging*. . . . [I]f you recall, during our conversation, the COC was not in process and did not go into process until you expressly told me that you would be compelled to award to SPG if you received the COC. . . . [Air Force] is doing nothing but delaying the inevitable and continues to harm small business. . . . I'd like to know *if Capt. Sidor is aware of our communications* . . . or if he has made you aware of his request. . . . SPG satisfied the only concern expressed by Air Force.

AR 9705-06 (emphasis added).  The SBA declined to provide any explanation of its decision to Capt. Sidor.  <u>Id.</u>  Capt. Sidor then rescinded his request because "any further discussions relevant to this issue must be handled at the secretariat level."  <u>Id.</u> at 9709.  This exchange suggests that the Air Force and the SBA have an agreement upon which the Air Force has "reneg[ed]" and alludes to further emails on the matter.  <u>Id.</u> at 9705.  Further, it suggests that Capt. Sidor may not have even been aware of the existence of, or substance

of, any communication between the SBA and the Air Force at the time he was making his decisions. Id. at 9706. Capt. Sidor's role in these discussions, if any, could further explain his decision to take corrective action and his belief that he needed to document the SBA's reasoning. Both of these holes in the Administrative Record presented by the January 30, 2017 email exchange are relevant to the Air Force's decision to take corrective action. Perhaps the documents Sonoran now seeks are irrelevant to the Air Force's reasoning, but the supplemented Administrative Record hints at further information pertinent to understanding the Air Force's decision-making process. Unfortunately for the Government, its voluntary supplementation has made relevant previously irrelevant information.

The Court is hesitant to grant Sonoran's broad request for *all* documents relating to the SBA's COC decision in the Government's possession. Many of these documents may not be relevant, and motions to supplement should be narrowly granted only when necessary to understand the relevant issues. Axiom Res. Mgmt., 564 F.3d at 1380. However, the Court is unwilling to let the Government decide for the Court what is relevant to its resolution of this bid protest. Thus, the Court orders the following actions:

> (1) On or before July 12, 2017, the Government will supplement the Administrative Record with all communications, emails, and documents specifically referred to in the January 30, 2017 email exchange. See Tabs 135 & 136.

> (2) If any of the communications, emails, or documents specifically referred to in the January 30, 2017 email exchange are claimed to be privileged, the Government will submit those materials *in camera* for the benefit of the Court's review on or before July 12, 2017.[2] The Government shall accompany these documents with a privilege log so that the Court may understand the basis of the Government's privilege claim.

Finally, the Court denies the Government's request to substitute an affidavit for Capt. Sidor's deposition. For the reasons explained in the June 27, 2017 Order, a limited deposition of Capt. Sidor is appropriate. See Dkt. No. 23. Thus, the Court's June 27, 2017 Order remains in full effect.

---

[2] If the submission of documents *in camera* is necessary, the Government should provide the Court with a single paper copy of each document in an envelope clearly labeled as *in camera* with this case information visible.

Conclusion

For the reasons explained above, Sonoran's motion to supplement the Administrative Record is GRANTED IN PART and DENIED IN PART. The Government shall supplement the record with the necessary documents (barring the submission of privileged documents *in camera*) on or before July 12, 2017.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge