# In the United States Court of Federal Claims

No. 17-711C

(Filed Under Seal: August 1, 2017)

(Reissued for Publication: August 9, 2017)[1]

*******************************************
* * *
SONORAN TECHNOLOGY AND * *
PROFESSIONAL SERVICES, LLC, * *
 * *
Plaintiff, * *
 * *
v. * *
 * Bid Protest; Motion to Amend
THE UNITED STATES, * Complaint; Small Business
 * Administration; Jurisdiction
 * over Certificate of Competency
Defendant, * Decision; Unjustified Delay.
 *
and *
 *
SPECTRE PURSUIT GROUP, LLC, *
 *
Defendant-Intervenor. *
 *
*******************************************

*Brett W. Johnson*, with whom was *Andrew Sniegowski*, Snell & Wilmer, LLP, Phoenix, Arizona, for Plaintiff.

*Jessica L. Cole*, with whom were *Chad A. Readler*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Claudia Burke*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., and *Captain Ryan Payne*, Of Counsel, Commercial Litigation Field Support, U.S. Air Force, for Defendant.

---

[1] The Court issued this decision under seal on August 1, 2017 and invited the parties to submit proposed redactions of any competitive-sensitive, proprietary, confidential, or other protected information on or before August 8, 2017. By that date, none of the parties proposed redactions. Thus, the Court reissues the opinion in its entirety for publication.

*J. Bradley Reaves*, with whom was *Beth V. McMahon*, ReavesColey, PLLC, Chesapeake, Virginia, for Defendant-Intervenor.

## ORDER REGARDING MOTION TO AMEND COMPLAINT

WHEELER, Judge.

In this bid protest, Sonoran Technology and Professional Services, LLC ("Sonoran") challenges the United States Air Force's decision to terminate its contract to train aircrew to fly B-52 and B-51 aircrafts and award the same contract to Spectre Pursuit Group, LLC ("SPG") as a result of corrective action. Sonoran now seeks to amend its complaint to add two counts against the Small Business Administration ("SBA") for issuing a Certificate of Competency ("COC") to a non-responsible bidder and re-opening a COC referral contrary to established SBA practices. For the reasons described below, Sonoran's motion is DENIED.

## Background

On February 29, 2016, the Air Force issued Request for Proposal FA6800-16-R-0001 seeking a service-disabled veteran-owned small business for courseware development and training for its aircrew flying B-52 and B-51 aircrafts. AR 489. The awardee was required to have a facility security clearance ("FCL") at the time of the award. Id. at 558. Sonoran and SPG were two of nine offerors who submitted proposals. Id. at 2287-2944. At the time SPG submitted its proposal, it did not have the required FCL. Id. at 9255, 2315. On July 22, 2016, the Contracting Officer, Captain John R. Sidor, determined that SPG was not eligible for award because it had not received an FCL, and he promptly awarded the contract to Sonoran. Id. at 6391, 6653.

After first filing before the Government Accountability Office ("GAO"), which dismissed the protest, SPG filed a bid protest before this Court on November 28, 2016 challenging the Air Force's decision not to refer SPG to the SBA for a responsibility determination. Id. at 8728-85. Sonoran did not intervene in that protest. Id. On December 7, 2016, before any briefing was completed, Capt. Sidor took corrective action and referred the matter of SPG's responsibility to the SBA. Id. at 8762. Based on this corrective action, this Court dismissed SPG's protest on December 8, 2016. Id. at 8768.

On January 5, 2017, the SBA notified the Air Force and SPG that it could not make a responsibility determination because the contract had already been awarded to Sonoran. Id. at 8772. The next day, SPG filed a new bid protest before this Court challenging the SBA's failure to make a responsibility determination. Id. at 8773. The SBA decided that SPG's case presented "unique circumstances" warranting reconsideration including the fact that SPG had filed a protest, the Government had informed the Court that a COC would be processed, and the Air Force committed in writing to terminate the award to Sonoran

2

once SBA issued a COC to SPG. Id. at 9721. On January 24, 2017, after SPG had secured an FCL, the SBA determined that SPG was responsible and issued a COC despite Sonoran's contract still being in effect. Id. at 8824. On February 2, 2017, Capt. Sidor terminated Sonoran's contract and made an award to SPG. Id. at 8827, 8829. Capt. Sidor explained to Sonoran that it was terminating the contract "[a]s a result of corrective action . . . in response to a protest filed by [SPG]." Id. at 8829. This Court dismissed SPG's second protest as moot the following day. Spectre Pursuit Group, LLC v. United States, No. 17-26C (Fed. Cl., Feb. 3, 2017) (Dkt. No. 18).

Sonoran filed this protest on May 30, 2017 and SPG intervened on May 31, 2017. Dkt. Nos. 1, 9. The Government filed the Administrative Record on June 9, 2017. Dkt. No. 13. On June 15, 2017, Sonoran filed a motion to supplement the Administrative Record with depositions from Capt. Sidor and a representative from the SBA. Dkt. No. 14. On June 27, 2017, the Court granted the motion in part and ordered a limited deposition of Capt. Sidor. Dkt. No. 23. The Court also denied the motion in part by refusing to allow Sonoran to depose a representative of the SBA because Sonoran never challenged the SBA's COC determination in its complaint. Therefore, any discovery into the SBA's reasoning behind issuing the COC would be irrelevant to Sonoran's protest. Id. at 5.

On June 27, 2017, Sonoran filed a second motion to supplement the Administrative Record seeking the inclusion of "all records currently in possession of [the Government] that have not yet been disclosed related to the SBA's decision to grant [SPG's COC]." Dkt. No. 26, at 2. In its response, the Government voluntarily amended the Administrative Record with correspondence between the SBA and Air Force regarding Capt. Sidor's request that the SBA provide the Air Force with its rationale for issuing SPG a COC. AR 8826. In light of the Government's disclosure of correspondence between the SBA and Air Force about the COC, the Court granted in part Sonoran's second motion to supplement the Administrative Record by requiring the Government to provide "all communications, emails, and documents specifically referred to" in the disclosed correspondence between the SBA and Air Force. Dkt. No. 41, at 6. The Court was careful to require only those documents related to the Government's voluntary disclosure as all else would be irrelevant. Id. The Government supplemented the Administrative Record with these documents on July 12, 2017. Dkt. No. 36.

On July 12, 2017, Sonoran filed a motion to amend its complaint to specifically include counts against the SBA for improperly issuing a COC to SPG and improperly reconsidering its initial declination to issue a COC to SPG. Pl.'s Mot., Ex. A, at 10-11. The parties fully briefed the motion by July 31, 2017 pursuant to an expedited briefing schedule. As a result of Sonoran's motion to amend, the briefing schedule for the parties' cross-motions for judgment on the Administrative Record was suspended. Dkt. No. 40. The Court deems oral argument unnecessary.

Standard of Review

A party may amend its complaint under RCFC Rule 15(a)(2) with the Court's leave, which should be given "freely . . . when justice so requires." This language is liberally construed, and courts generally grant leave to amend if there is no "apparent or declared reason" not to permit amendment. A & D Auto Sales, Inc. v. United States, 748 F.3d 1142, 1158 (Fed. Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The Court should deny leave to amend if there is evidence of delay, bad faith, repeated failure to correct a complaint's deficiencies, undue prejudice to the opposing party, or if the amendment would be futile. Id. A proposed amendment is futile if it would not survive a motion to dismiss. Meyer Grp., Ltd. v. United States, 115 Fed. Cl. 645, 650 (2014). Accordingly, "the party seeking leave must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion." Id. (quoting Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V., 464 F.3d 1339, 1354–55 (Fed. Cir. 2006)) (internal punctuation omitted).

Moreover, "[C]ourts have not hesitated to deny motions to amend that have been filed after significant delay." Te-Moak Bonds of Western Shoshone Indians of Nevada v. Unites States, 948 F.2d 1258, 1262 (Fed. Cir. 1991). Since the bid protest process is designed to resolve disputes as quickly as possible, even relatively short delays may be unreasonable in the context of a bid protest. Software Testing Solutions, Inc. v. United States, 58 Fed. Cl. 533, 536 (2003). The "party seeking to amend its complaint after significant delays bears the burden of justifying the delay." Cuper Bajo Nursing Home, Inc. v. United States, 36 Fed. Cl. 122, 132 (1996).

Discussion

The first issue in this case is whether this Court has jurisdiction to review the SBA's decision to issue SPG a COC. If this Court lacks jurisdiction, then Sonoran's motion to amend would indeed be futile. Emerald Coast Finest Produce Co., Inc. v. United States, 76 Fed. Cl. 445, 452 (2007). According to FAR 19.602-4(b), "SBA COC's are conclusive with respect to all elements of responsibility of prospective small business contractors." 48 C.F.R. § 19.602-4(1985). According to a plain reading of this provision, the SBA's issuance of a COC is not reviewable.

There is also no case law to support Sonoran's claim that this Court has jurisdiction to review the SBA's issuance of a COC. In Cavalier Clothes, Inc. v. United States, the Federal Circuit held that the SBA is not "immunize[d] from judicial review [of] *the refusal* to grant a COC." 810 F.2d 1108, 1111 (Fed. Cir. 1987) (emphasis added). In contrast, the SBA's determination "is only final with respect to a decision *certifying* a contractor to the procurement officer as responsible." Id. (quoting Related Industries, Inc. v. United States, 2 Cl. Ct. 517, 520 (1983)) (emphasis added). Cavalier Clothes further emphasizes the meaningful difference between the SBA's decision to deny a COC and to issue a COC.

"Although [Defense Acquisition Regulation] 1-705.4(a) provided as follows: 'Contracting officers shall accept SBA [COCs] as conclusive of a prospective contractor's responsibility . . . ,' the regulations were silent with respect to the effect of an SBA denial of a COC." Id. at 1111 n.6.  As a result, Cavalier Clothes held only that this Court has jurisdiction to review the SBA's denial of a COC.  Subsequent opinions of this Court finding jurisdiction to review COC determinations also limited their holdings to decisions denying the issuance of a COC.  See C&G Excavating, Inc. v. United States, 32 Fed. Cl. 231, 240 n.9 (1994) ("Although the Act commits the final disposition of COC review to the SBA, this does not preclude judicial review of a decision not to grant a COC."); Stapp Towing, Inc. v. United States, 34 Fed. Cl. 300, 306 (1995) ("Unquestionably, the Court of Federal Claims has jurisdiction to review the . . . determination [to deny a COC.]"); Red River Serv. Corp v. United States, 60 Fed. Cl. 532, 537 (2004) (clarifying that Cavalier Clothes confirms this Court's jurisdiction to review a denial of a COC).[2]  Thus, based on applicable regulations and case law, the Court holds that it does not have jurisdiction to review the SBA's issuance of a COC to SPG.

In addition, Sonoran has not justified its delay in seeking to amend its complaint.  Sonoran filed its complaint on May 30, 2017 and this motion to amend its complaint on July 12, 2017.  On June 15 2017, Sonoran filed its first motion to supplement the Administrative Record noting that "nothing in the AR explains why the SBA declined the initial COC request or why the SBA ultimately issued the COC after the initial declination.  It is also unclear why the SBA did not consider [SPG's] competency as of the date of the submission of its bid . . . ."  Dkt. No. 14-1, at 9.  From this statement, it is clear that Sonoran had questions regarding the SBA's decision-making process as of at least June 15, 2017.  On June 27, 2017, the Court denied Sonoran's request to depose the SBA because the SBA's decision-making process was irrelevant to the counts alleged in Sonoran's complaint.  Dkt. No. 35.  Thus, Sonoran was aware that its complaint was insufficient to warrant investigation into the SBA's decision as of June 27, 2017.  Still, instead of moving to amend its complaint, Sonoran filed a second motion to supplement the Administrative Record with SBA documents on June 27, 2017.  Dkt. No. 25.  In its Opinion on the second motion to supplement the Administrative Record, the Court again reminded Sonoran that the SBA's independent decision-making process was irrelevant to its complaint.  Dkt. No. 41, at 6.  Finally, the Government supplemented the record with some communications between the SBA and the Air Force on July 12, 2017, the same day Sonoran filed its motion to amend the Administrative Record.

On its face, Sonoran's delay is significant because this is a bid protest and the Court twice informed Sonoran that the SBA's independent reasoning was irrelevant to its

---

[2] One U.S. Court of Federal Claims decision held that this Court has jurisdiction to review the SBA's issuance of a COC by citing Stapp Towing.  Lawson Environmental Services, LLC v. United States, 126 Fed. Cl. 233, 248 (2016).  Lawson, however, extends the holding in Stapp Towing to include issuances of COCs without articulating its reasoning or addressing the holding in Cavalier Clothes.  Id.

complaint.  Sonoran attempts to justify its delay by claiming that it has "learned of facts" supporting a claim against the SBA.  Pl.'s Mot. at 6.  According to Sonoran:

> The Administrative Record and investigation conducted since filing the Complaint reveal that SBA's independent procurement decisions and conduct in finding [SPG] responsible and granting the COC were arbitrary, capricious, and not in accordance with the law. Specifically, SBA failed to treat offerors fairly and equally, and violated its own regulations by re-opening [SPG's] COC referral after the initial declination. In addition, SBA's responsibility determination was arbitrary and capricious in its failure to articulate a reasonable basis for the determination and in its failure to consider the reality that without the required FCL on the performance start date, [SPG] was not able to perform the contract as required under the Solicitation. [ . . . ] Finally, SBA's failure to determine whether [SPG] was responsible at the time of bid or prior to award, rather than almost six months after award, is also arbitrary and capricious.

Id.  In its motion, Sonoran cites no new evidence of the SBA's improper action and does not even refer to any of the July 12, 2017 supplementations made to the record.  Instead, Sonoran simply states that there has been an "investigation conducted" and then makes conclusions of law about the SBA's improper action.  Therefore, Sonoran has not met its burden to show that its delay was justified and, seemingly, has not attempted to do so.

## Conclusion

For the reasons explained above, Sonoran's motion to amend the complaint is DENIED.  The resolution of this case has been delayed twice – once due to Sonoran's motions to supplement and once due to Sonoran's motion to amend its complaint.  See Dkt. Nos. 29, 40.  The parties shall file a joint status report on or before Friday, August 4, 2017 proposing an expedited briefing schedule for the coming cross-motions for judgment on the Administrative Record.  In order for the bid protest system to function as it is intended, this matter cannot afford any further delay.

IT IS SO ORDERED.

s/ Thomas C. Wheeler  
THOMAS C. WHEELER  
Judge
